UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| FIRST UNITED METHODIST CHURCH OF MIDLAND, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 7:19-cv-00056 |
| vs. | § § | |
| LEXINGTON INSURANCE COMPANY, | § § | |
| Defendant. | § § | |

## DEFENDANT LEXINGTON INSURANCE COMPANY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendant Lexington Insurance Company ("Lexington") hereby removes the action styled and numbered CV55099, currently pending in the 385th Judicial District Court, Midland County, Texas to the United States District Court for the Western District of Texas, Midland/Odessa Division. For the reasons set forth below, removal of the state court action is proper under 28 U.S.C. §§ 1332, 1441, and 1446.

## I.
## Introduction

1. On November 12, 2018, Plaintiff First United Methodist Church of Midland ("Plaintiff") commenced this lawsuit by filing its Original Petition ("Original Petition") in the 385th Judicial District Court, Midland County, Texas, Cause Number CV55099.

2. Plaintiff's Original Petition named Lexington as the sole defendant.

3. Lexington was first served with the Original Petition via certified mail, which was received on February 7, 2019.

4. Lexington thus files this Notice, within the 30-day time period required by 28 U.S.C. § 1446(b).

## II.
## Basis For Removal

5. Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court where the action is pending is located in this District.

6. Removal is proper under 28 U.S.C. § 1332(a) if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest, costs and attorneys' fees. These two conditions are satisfied in this matter.

**A.  Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff and Lexington.**

7. Plaintiff was at the time this lawsuit was filed, and on the date this Notice of Removal was filed, a Texas religious non-profit entity with its principal place of business in Midland County, Texas.[1] Accordingly, Plaintiff is a citizen of Texas for purposes of diversity of citizenship.

8. Defendant Lexington Insurance Company was at the time this lawsuit was filed, and on the date this Notice of Removal was filed, a Delaware corporation with its principal place of business in Massachusetts. Lexington is thus a citizen of both Delaware and Massachusetts for diversity jurisdiction purposes.

9. Because Plaintiff is a citizen of Texas, and Lexington is a citizen of Delaware and Massachusetts, complete diversity exists between Plaintiff and Lexington (now and on the date Plaintiff filed this lawsuit).

---

[1]  *See* Plaintiff's Original Petition, attached as Exhibit C, ¶¶ 2, 8.

**B.     Removal is Proper Because Plaintiff's Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.**

10. If it is facially apparent that Plaintiff's claims in this lawsuit exceed $75,000, exclusive of interest, costs, and attorneys' fees, Lexington's burden to establish the amount in controversy exceeds this Court's jurisdictional threshold is satisfied.[2]

11. Here, the Original Petition states that "Plaintiff seeks monetary relief over $100,000."[3] It is thus facially apparent that Plaintiff's claim exceeds this Court's jurisdictional threshold of $75,000.

### III.
### Conclusion

12. Because there is complete diversity between the parties, and the amount in controversy exceeds $75,000, removal of this action is proper under 28 U.S.C. § 1332(a).

13. As required by 28 U.S.C. § 1446(a), a copy of each of the following are attached to (or filed with) this Notice:

    a.   a civil cover sheet;

    b.   a copy of all pleadings that assert causes of action; all answers to such pleadings and a copy of all process and orders served upon the party removing the case to this court as required by 28 U.S.C. § 1446(a); and

    c.   a copy of the state court docket sheet.

14. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice, and Defendant will promptly file a copy of this Notice with the clerk of the state court where the action is pending.

---

[2]   *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

[3]   Exhibit C, ¶ 1.

WHEREFORE, Defendant Lexington Insurance Company requests that this action is removed from the 385th Judicial District Court, Midland County, Texas to the United States District Court for the Western District of Texas, Midland/Odessa Division and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Brett A. Wallingford*
    Brett A. Wallingford – LEAD ATTORNEY
    Texas Bar No. 00797618
    bwallingford@zelle.com
    M. Paige Tackett
    Texas Bar No. 24083935
    ptackett@zelle.com

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, TX 75202-3975
Telephone:    214-742-3000
Facsimile:    214-760-8994

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing Notice of Removal was served on all counsel of record on February 28, 2019, in accordance with the FEDERAL RULES OF CIVIL PROCEDURE, as follows:

James M. McClenny
Texas Bar No. 24091857
James@mma-pllc.com
J. Zachary Moseley
Texas Bar No. 24092863
Zach@mma-pllc.com
Sean Patterson
Texas Bar No. 24073546
Sean@mma-pllc.com
**MCCLENNY MOSELEY & ASSOCIATES, PLLC**
411 N. Sam Houston Parkway E, Suite 200
Houston, Texas 77060
Telephone: 713-334-6121
Facsimile: 713-322-5953

**ATTORNEYS FOR PLAINTIFF**

                                                */s/ Brett A. Wallingford*
                                                Brett A. Wallingford