EXHIBIT C

CITATION/NON-RESIDENT

**CLERK OF THE COURT**
Alex Archuleta, District Clerk
500 N. Loraine Street, Suite 300
Midland, Texas 79701

**RECEIVED**

FEB 0 8 2019

AIG Commercial Insurance
Law Department

**ATTORNEY REQUESTING SERVICE**
SEAN PATTERSON
411 N. SAM HOUSTON PKWY E
SUITE 200
HOUSTON, TEXAS 77060
**RECEIVED**

FEB 0 7 2019

**LEGAL** DEPARTMENT

**THE STATE OF TEXAS**

**NOTICE TO LEXINGTON INSURANCE COMPANY:**

"YOU HAVE BEEN SUED.  YOU MAY EMPLOY AN ATTORNEY.  IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY (20) DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

TO:  **LEXINGTON INSURANCE COMPANY,**

**GREETINGS**:  You are commanded to appear by filing a written answer to the petition at or before 10:00 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof, before the **385TH DISTRICT COURT** of Midland County, Texas, at the Courthouse in Midland, Texas.

Said petition was filed on:  **November 12th, 2018**

The file number of said suit being:  **CV55099**

The style of the case is:
**FIRST UNITED METHODIST CHURCH OF MIDLAND**
**VS**
**LEXINGTON INSURANCE COMPANY**

A copy **PLAINTIFF'S ORIGINAL PETITION** accompanies this citation.

*ISSUED AND GIVEN UNDER MY HAND AND SEAL* OF SAID COURT, at office in Midland, Texas, on January 30th, 2019.

AIG Property Casualty
Claims Legal

FEB 1 1 2019

**RECEIVED**

ALEX ARCHULETA
DISTRICT CLERK
MIDLAND COUNTY, TEXAS

**RAISED**
**SEAL**

By _____, Deputy
ANGELA L GARDEA

The file number of said suit being **CV55099**

**385TH DISTRICT COURT**

The style of the case is:
**FIRST UNITED METHODIST CHURCH OF MIDLAND**
**VS**
**LEXINGTON INSURANCE COMPANY**

<u>**CERTIFICATE OF DELIVERY BY MAIL**</u>

CAME TO HAND on  January 30th, 2019, and executed by mailing to the Defendant certified mail, return receipt requested with restricted delivery a true and correct copy of this citation in cause **CV55099**  together with an attached copy of **PLAINTIFF'S ORIGINAL PETITION**, to the following address:

LEXINGTON INSURANCE COMPANY
99 HIGH STREET FLOOR 23
BOSTON, MA 02110-2378

☐ Citation and attached copy of **PLAINTIFF'S ORIGINAL PETITION** was delivered to defendant on _____ by certified mail, return receipt requested with restricted delivery as is evidenced by the return receipt incorporated herein and attached hereto.

☐ Citation was not executed, see attached.

To certify which witness my hand officially, **Midland County** District Clerk of Midland County, Texas.

By:_____, Deputy

Filed 11/12/2018 3:56 PM
Alex Archuleta
District Clerk
Midland County, Texas

*Angela L. Gardea*

CAUSE NO. CV55099

| | | |
|---|---|---|
| FIRST UNITED METHODIST CHURCH | § | IN THE DISTRICT COURT |
| OF MIDLAND | § | |
| | § | |
| *Plaintiff* | § | |
| | § | MIDLAND COUNTY, TEXAS |
| V. | § | |
| | § | |
| | § | 385 JUDICIAL DISTRICT |
| LEXINGTON INSURANCE COMPANY | § | |
| *Defendant* | § | |

## PLAINTIFF FIRST UNITED METHODIST CHURCH OF MIDLAND'S ORIGINAL PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, First United Methodist Church of Midland, (hereinafter referred to as "Plaintiff"),

complaining of Lexington Insurance Company, (hereinafter referred to as "Defendant") and for cause of action

would respectfully show unto this Honorable Court and Jury as follows:

### DISCOVERY CONTROL PLAN

1.   Plaintiff intends for discovery to be conducted under Level 3 of Texas Rule of Civil Procedure 190.4 and

affirmatively pleads that this suit is not governed by the expedited-actions process of Texas Rule of Civil

Procedure 169 because Plaintiff seeks monetary relief of over $100,000.00.

### PARTIES

2.   Plaintiff is an individual residing in Midland County, Texas.

A
I
G

O
L
O
1
:
S
e
s
s
2

2
/
1
1
/
2
0
1
9

3.  Lexington Insurance Company is a foreign insurance company engaging in the business of insurance in the State of Texas. Defendant may be served with process by serving its registered agent of service, located at the following address: 70 Pine Street, New York City, New York 10270.

## JURISDICTION

4.  The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.

5.  The Court has jurisdiction over Defendant Lexington Insurance Company because Defendant is a foreign insurance company that engages in the business of insurance in the State of Texas and Plaintiff's causes of action arise out of Defendant's business activities in the State of Texas. Specifically, Lexington Insurance Company sought out and marketed for insurance in Texas and has "purposefully availed" itself of the privilege of conducting activities in Texas. *Kelly v. General Interior Constr., Inc.*, 301 S.W.3d 653, 660-61 (Tex. 2010).

## VENUE

6.  Venue is proper in Midland County, Texas, because the Property is situated in Midland County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

7.  Plaintiff purchased a policy from Defendant Lexington Insurance Company, (hereinafter referred to as "the Policy"), which was in effect at the time of loss.

8.  The Policy was purchased to insure Plaintiff's property, (hereinafter referred to as "the Property"), which is located at 300 N Main Street, Midland, Texas 79701.

9.  Defendant Lexington Insurance Company and/or its agent sold the Policy insuring the Property to Plaintiff.

10. Plaintiff is a "consumer" as defined under the Texas Deceptive Trade Practices Act ("DTPA") because it is an individual who sought or acquired by purchase or lease, goods or services, for commercial, personal or household use.

11. On or about June 26, 2017, Plaintiff experienced a severe weather related event which caused substantial damage to the Property and surrounding homes and businesses in the area. The Property's damage constitutes a covered loss under the Policy issued by Defendant Lexington Insurance Company. Plaintiff subsequently opened a claim on August 14, 2017 and Defendant Lexington Insurance Company assigned an adjuster to adjust the claim.

12. Specifically, *Defendant performed an unreasonable and insufficient investigation of the claim. Defendant failed to document all the damage to the property caused by the storm in question. Although damage was covered under the policy, Defendant wrongly excluded the damage to the property, including damage to the roofs. Defendant wrongly under-scoped the damage to the property and did not give the full allowance to restore the property to its pre-loss conditions.*

13. The storm caused damage to the property's roof, including the TPO, modified bitumen, clay tile, metal, and asphalt built-up roofing system. The significant damage to the property required full replacement of the damage items. Defendant intentionally did not properly inspect and failed to give a full allowance to repair all the damage caused by the storm. For example, Defendant wrongly denied full coverage for the damage to the roofs although all the damage was covered under the policy. This was intentionally done

---

by Defendant to deny full replacement of the roofs. Defendant only gave minimum allowances to conduct repairs to the property although the damage required full replacement.

14. Defendant Lexington Insurance Company wrongfully underpaid Plaintiff's claim and refused to issue a full and fair payment for the covered loss as was rightfully owed under the Policy.

15. Defendant made numerous errors in estimating the value of Plaintiff's claim, as exhibited by its assigned adjuster's method of investigation and estimation of Plaintiff's loss, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff. Defendant's assigned adjuster failed to fully quantify Plaintiff's covered losses, thus demonstrating that Defendant's assigned adjuster did not conduct a thorough investigation of Plaintiff's claim and/or intentionally adjusted Plaintiff's claim improperly.

16. Specifically, Defendant, independently and through its assigned adjuster, intentionally and knowingly conducted a substandard investigation of the Property. This is evidenced by Defendant's assigned adjuster's estimate, which failed to include all necessary items Plaintiff is entitled to under the Policy to place the Property in a pre-loss condition.

17. Defendant's estimate did not allow for adequate funds to cover the cost of repairs and therefore grossly undervalued all of the damages sustained to the Property. As a result of Defendant's conduct, Plaintiff's claim was intentionally and knowingly underpaid.

18. Defendant's assigned adjuster acted as an authorized agent of Defendant Lexington Insurance Company. Defendant's assigned adjuster acted within the course and scope of their authority as authorized by Defendant Lexington Insurance Company. Plaintiff relied on Defendant and Defendant's assigned

---

*Plaintiff First United Methodist Church of Midland's Original Petition*                                      Page | 4

adjuster to properly adjust the claim regarding the Property and to be issued payment to fix such damage, which did not happen and has not been rectified to date.

19. Defendant Lexington Insurance Company failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant refused to pay the full proceeds owed under the Policy. Due demand was made by Plaintiff for proceeds to be in an amount sufficient to cover the damaged Property.

20. All conditions precedent to recovery under the Policy had, and have, been carried out and accomplished by Plaintiff.

21. As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of McClenny Moseley & Associates, PLLC, who is representing Plaintiff with respect to these causes of action.

## AGENCY

22. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

23. All acts by Defendant Lexington Insurance Company were undertaken and completed by its officers, agents, servants, employees, and/or representatives. All such acts were either done with the full authorization or ratification of Defendant Lexington Insurance Company and/or were completed in its normal and routine course and scope of employment.

24. Defendant and Defendant's assigned adjuster's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this subsection are made actionable by TEX. INS. CODE § 541.151.

25. Defendant is liable for the unfair and deceptive acts of its assigned adjuster because he/she meets the definition of a "person" as defined by the Texas Insurance Code. The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or inter insurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added); *see also Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.* 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a person for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

## BREACH OF CONTRACT

26. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

27. *Defendant Lexington Insurance Company's conduct constitutes a breach of the insurance contract made between Defendant Lexington Insurance Company and Plaintiff.* According to the Policy, which Plaintiff purchased, Defendant Lexington Insurance Company had the absolute duty to investigate Plaintiff's damages, and pay Plaintiff policy benefits for the claims made due to the extensive storm-related damages.

28. As a result of the storm-related event, Plaintiff suffered extreme weather related damages. Despite objective evidence of weather related damages provided by Plaintiff and its representatives, Defendant

Lexington Insurance Company breached its contractual obligations under the Policy by failing to pay Plaintiff cost related benefits to properly repair the Property, as well as for related losses associated with the subject loss event. As a result of this breach, Plaintiff has suffered additional actual and consequential damages.

## VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

29. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

30. Defendant and/or its assigned adjuster engaged in false, misleading, or deceptive acts or practices that constitute violations of the Texas Deceptive Trade Practices Act ("DTPA"), which is codified in the Texas Business and Commerce Code ("TEX. BUS. & COM. CODE"), including but not limited to:

   A. Using or employing an act or practice in violation of the Texas Insurance Code (§ 17.50(a)(4));

   B. Unreasonably delaying the investigation, adjustment, settlement offer and prompt resolution of Plaintiff's claim (TEX. INS. CODE § 541.060(a)(2)–(5));

   C. Failure to properly investigate Plaintiff's claim (§ 541.060(7)); and/or

   D. Hiring and relying upon a biased adjuster, in this case Defendant's assigned adjuster, to obtain a favorable, results-oriented report, and to assist Defendant in severely underpaying and/or denying Plaintiff's damage claim (TEX. BUS. & COM. CODE § 17.46(31)).

31. As described in this Original Petition, Defendant Lexington Insurance Company represented to Plaintiff that its Policy and Lexington Insurance Company's adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiff the right to recover proceeds. TEX. BUS. & COM. CODE § 17.46(b)(5).

32. As described in this Original Petition, Defendant Lexington Insurance Company represented to Plaintiff that its Policy and Lexington Insurance Company's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of § 17.46 (b)(7).

33. By Defendant Lexington Insurance Company representing that they would pay the entire amount needed by Plaintiff to repair the damages caused by the weather related event and then not doing so, Defendant has violated §§ 17.46 (b)(5), (7), (12).

34. Defendant Lexington Insurance Company has breached an express warranty that the damage caused by the storm-related event would be covered under Policy. This breach entitles Plaintiff to recover under §§ 17.46 (b) (12), (20); 17.50 (a)(2).

35. Defendant Lexington Insurance Company's actions, as described herein, are unconscionable in that Defendant took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Therefore, Defendant's unconscionable conduct gives Plaintiff the right to relief under § 17.50(a)(3).

36. Defendant Lexington Insurance Company's conduct, acts, omissions, and failures, as described in this Original Petition, are unfair practices in the business of insurance and are in violation of § 17.50 (a)(4).

---

●                    ●

37. Plaintiff is a consumer, as defined under the DTPA, and relied upon these false, misleading, and/or deceptive acts and/or practices, made by Defendant Lexington Insurance Company, to its detriment. As a direct and proximate result of Defendant's collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues. All of the aforementioned acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages which are described in this Original Petition.

38. Because Defendant's collective actions and conduct were committed knowingly and intentionally, in addition to all damages described herein, Plaintiff is entitled to recover mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages. § 17.50(b)(1).

39. As a result of Defendant's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on its behalf. Accordingly, Plaintiff also seeks to recover its costs and reasonable and necessary attorney's fees as permitted under § 17.50(d), as well as any other such damages to which Plaintiff may show itself to be justly entitled by law and in equity.

## VIOLATIONS OF THE TEXAS INSURANCE CODE

40. Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

41. Defendant and/or its assigned adjuster's actions constitute violations of the Texas Insurance Code ("TEX. INS. CODE"), Chapters 541 and 542, including but not limited to:

---

*Plaintiff First United Methodist Church of Midland's Original Petition*                    Page | 9

A.  Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue *(TEX. INS. CODE § 541.060(a)(1))*;

B.  Failing to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear (§ 541.060(a)(2)(A));

C.  Failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim (§ 541.060(a)(3));

D.  Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiff (§ 541.060(a)(4));

E.  Refusing, failing, or unreasonably delaying a settlement offer on the basis that other coverage is available (§ 541.060 (a)(5));

F.  Refusing, to pay a claim without conducting a reasonable investigation with respect to the claim (§ 541.060(a)(7));

G.  Forcing Plaintiffs to file suit to recover amounts due under the policy by refusing to pay all benefits due (§ 542.003(b)(5));

H.  *Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code (§ 541.061(5));*

A
I
G

O
L
0
1
:
S
e
s
s

2

2
/
1
1
/
2
0
1
9

I. Engaging in false, misleading, and deceptive acts or practices under the DTPA (§541.151(2));

J. Failing to acknowledge receipt of the claim, commence any investigation of the claim, and request from the claimant all items, statements, and forms the insurer reasonably believes at that time will be required from the claimant no later than the 15th day after the receipt of notice of the claim (§ 542.055);

K. Failing to notify the claimant in writing of the acceptance or rejection of a claim no later than the 15th business day after the insurer receives all items, statements, and forms required by the insurer to secure a final proof of loss (§ 542.056(a));

L. Failing to state the reasons for rejection (§ 542.056(c));

M. Failing to notify the claimant of the reasons that the insurer needs 45 days in additional time to accept or reject the claim (§ 542.056(d));

N. Failing to pay a claim not later than the 5th business day after the date of notice of acceptance was made (§ 542.057); and/or

O. Failing to pay a valid claim after receiving all reasonably requested and required items from the insured. (§ 542.058(a)).

42. By its acts, omissions, failures and conduct, Defendant Lexington Insurance Company has engaged in unfair and deceptive acts and practices in the business of insurance. Plaintiff, the insured and beneficiary, has a valid claim as a result of its detrimental reliance upon Defendant Lexington Insurance Company's unfair or deceptive acts or practices. § 541.151(2).

43. Defendant's aforementioned conduct compelled Plaintiff to initiate this lawsuit to recover amounts due under the Policy, by offering substantially less than the amount ultimately recovered. Defendant refused to offer more than the grossly undervalued estimates prepared by Defendant Lexington Insurance Company and/or Defendant's assigned adjuster, despite knowing the actual damages were much greater than what was offered. Defendant's continued refusal to offer compelled Plaintiff to file suit. § 542.003(5).

44. Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Defendant Lexington Insurance Company's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times the amount of actual damages, for Defendant having knowingly, intentionally and/or negligently committed said actions and conduct. § 541.152.

45. As a result of Defendant Lexington Insurance Company's unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on its behalf. Accordingly, Plaintiff also seeks to recover its costs and reasonable and necessary attorney's fees as permitted under TEX. BUS. & COM. CODE § 17.50(d) or TEX. INS. CODE § 541.152 and any other such damages to which Plaintiff may show itself justly entitled by law and in equity.

## BREACH OF THE COMMON LAW DUTY
## OF GOOD FAITH & FAIR DEALING

46. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

A
I
G

O
L
0
1
:
S
e
s
s
2

2
/
1
1
/
2
0
1
9

47. From and after the time Plaintiff's claim was presented to Defendant Lexington Insurance Company, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was more than reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing. *See Viles v. Security National Ins. Co.,* 788 S.W.2d 556, 567 (Tex. 1990) (holding that an insurer has a duty to its insureds to "investigate claims thoroughly and in good faith" and an insurer can only deny a claim after a thorough investigation shows that there is a reasonable basis to deny that claim).

48. For the breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of the duty, such additional costs, economic hardship, losses due to nonpayment of the amount owed to Plaintiff, and/or exemplary damages for emotional distress.

## KNOWLEDGE

49. Each of the acts described above, together and singularly, were done "knowingly" and "intentionally," as the terms are used in the Texas Insurance Code, and were a producing cause of Plaintiff's damages described herein.

## DAMAGES

50. Plaintiff will show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

---

*Plaintiff First United Methodist Church of Midland's Original Petition*          Page | 13

51. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorney's fees.

52. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefit that should have been paid pursuant to the Policy, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages. TEX. INS. CODE § 541.152.

53. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, interest on the claim at the rate of eighteen (18) percent per year, together with attorney's fees. § 542.060.

54. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, and/or exemplary damages for emotional distress.

55. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firm whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

56. Defendant's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

---

A
I
G

O
L
O
1
:
S
e
s
s
2

2
/
1
1
/
2
0
1
9

57. More specifically, Plaintiff seeks monetary relief, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees, (in excess of $200,000.00 but less than $1,000,000.00/ in excess of $1,000,000.00).

## ADDITIONAL DAMAGES & PENALTIES

58. Defendant's conduct was committed knowingly and intentionally. Accordingly, Defendant is liable for additional damages under the DTPA, TEX. BUS. & COM. CODE § 17.50(b)(1), as well as all operative provisions of the Texas Insurance Code. Plaintiff is clearly entitled to the 18% damages allowed under TEX. INS. CODE § 542.060.

## ATTORNEY'S FEES

59. In addition, Plaintiff is entitled to all reasonable and necessary attorney's fees pursuant to the Texas Insurance Code, DTPA, and TEX. CIV. PRAC. & REM. CODE §§ 38.001-.005.

## JURY DEMAND

60. Plaintiff demands a jury trial, consisting of citizens residing in Midland County, Texas, and tenders the appropriate fee with this Original Petition.

## DISCOVERY

61. Texas Rule of Civil Procedure 47 has been met in this petition. As such, Plaintiff requests that Defendant respond to the Requests for Disclosure, Requests for Production and Interrogatories contained herein:

## I. REQUESTS FOR DISCLOSURE

1. Pursuant to the Texas Rules of Civil Procedure, Plaintiff request that Defendant Lexington Insurance Company, disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l), and to do so within 50 days of this request.

## II. REQUESTS FOR PRODUCTION

1. Please produce Lexington Insurance Company's complete claim files from the home, regional and local offices, as well as third party adjusters/adjusting firms regarding the subject claim, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiff's underlying claim.

2. Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

3. Please produce a certified copy of the insurance policy pertaining to the claim made subject of this lawsuit, including all underwriting files and insurance applications sent on behalf of Plaintiff in its attempt to secure insurance on the Property, which is the subject of this suit.

4. Please produce the electronic diary, including the electronic and paper notes made by Lexington Insurance Company's claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claim.

5. Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claim or the Property, which is the subject of this suit.

6. Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim.

7. Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the Property, which is the subject of this suit.

8.  Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim.

9.  Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether Lexington Insurance Company intends to offer these items into evidence at trial.

10. Please produce all communications, correspondence, documents and emails between any and all assigned adjusters and/or agents and the Plaintiff, not limited to physical or audio recordings of all conversations between Plaintiff and any and all assigned adjusters and/or agents.

11. Please produce all audio recordings or transcripts of conversations, calls, text, email or any other data sent to and from Plaintiff by any and all assigned adjusters and/or agents after their letter of representation sent by counsel.

12. Please provide copies of all marketing material sent on behalf of Lexington Insurance Company and/or its agents after the date of loss of the Property, which is the subject of this suit.

13. Please provide all correspondence between Lexington Insurance Company and its assigned adjuster, and all correspondence between Lexington Insurance Company and its assigned agents, after the date of loss of the Property, which is the subject of this suit.

## III. INTERROGATORIES

1.  Please identify any person Lexington Insurance Company expects to call to testify at the time of trial.

2.  Please identify the persons involved in the investigation and handling of Plaintiff's claim for insurance benefits arising from damage relating to the underlying event, claim or the Property, which is the

subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

3.  If Lexington Insurance Company or Lexington Insurance Company's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by Lexington Insurance Company or any of Lexington Insurance Company's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

4.  Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of Lexington Insurance Company's investigation.

5.  Please state the following concerning notice of claim and timing of payment:

    a.    The date and manner in which Lexington Insurance Company received notice of the claim;

    b.    The date and manner in which Lexington Insurance Company acknowledged receipt of the claim;

    c.    The date and manner in which Lexington Insurance Company commenced investigation of the claim;

    d.    The date and manner in which Lexington Insurance Company requested from the claimant all items, statements, and forms that Lexington Insurance Company reasonably believed, at the time, would be required from the claimant pursuant to the investigation; and

    e.    The date and manner in which Lexington Insurance Company notified the claimant in writing of the acceptance or rejection of the claim.

6.  Please identify by date, amount and reason, the insurance proceeds payments made by Defendant, or on Defendant's behalf, to the Plaintiff.

7.  Has Plaintiff's claim for insurance benefits been rejected or denied? If so, state the reasons for rejecting/denying the claim.

8.  When was the date Lexington Insurance Company anticipated litigation?

9.  Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claim for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe Lexington Insurance Company's document retention policy.

10. Does Lexington Insurance Company contend that the insured's premises were damaged by storm-related events and/or any excluded peril? If so, state the general factual basis for this contention.

11. Does Lexington Insurance Company contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

12. Does Lexington Insurance Company contend that the Plaintiff failed to satisfy any condition precedent or covenant of the Policy in any way? If so, state the general factual basis for this contention.

13. How is the performance of the adjuster(s) involved in handling Plaintiff's claim evaluated? State what performance measures are used and describe Lexington Insurance Company's bonus or incentive plan for adjusters.

## CONCLUSION

62. Plaintiff prays that judgment be entered against Defendant Lexington Insurance Company and that Plaintiff be awarded all of its actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney's fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

## PRAYER

*WHEREFORE, PREMISES CONSIDERED, Plaintiff prays it be awarded all such relief to which it* is due as a result of the acts of Defendant Lexington Insurance Company, and for all such other relief to which Plaintiff may be justly and rightfully entitled. In addition, Plaintiff requests the award of treble damages under the Texas Insurance Code, attorney's fees for the trial and any appeal of this lawsuit, for all costs of Court on its behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show the itself to be justly entitled.

RESPECTFULLY SUBMITTED,

*s/ Sean Patterson*

**McCLENNY MOSELEY & ASSOCIATES, PLLC**
James M. McClenny
State Bar No. 24091857
J. Zachary Moseley
State Bar No. 24092863
Sean Patterson
State Bar No. 24073546
411 N. Sam Houston Parkway E., Suite 200
Houston, Texas 77060
Principal Office No. 713-334-6121
Facsimile: 713-322-5953
James@mma-pllc.com
Zach@mma-pllc.com

Sean@mma-pllc.com
**ATTORNEYS FOR PLAINTIFF**

A
I
G

O
L
0
1
:
S
e
s
s

2

2
/
1
1
/
2
0
1
9

neopost 

US POSTAGE $ 06.70¢

FEB 05 2019

LEXINGTON INSURANCE COMPANY
99 HIGH STREET FLOOR 23
BOSTON, MA 02110-2378

**ALEX ARCHULETA**
DISTRICT CLERK
SUITE 300
500 N. LORAINE STREET
MIDLAND, TEXAS 79701



9171 9690 0935 0187 1654 90



FOLD HERE

## UPS CVS: View/Print Label

1. **Print the label(s):**   Select the Print button on the print dialog box that appears. Note: If your browser does not support this function select Print from the File menu to print the label.

2. **Fold the printed label at the dotted line.**   Place the label in a UPS Shipping Pouch. If you do not have a pouch, affix the folded label using clear plastic shipping tape over the entire label.

3. **GETTING YOUR SHIPMENT TO UPS**
   **Customers without a Daily Pickup**
   - Schedule a same day or future day Pickup to have a UPS driver pickup all of your Internet Shipping packages.
   - Hand the package to any UPS driver in your area.
   - Take your package to The UPS Store™, Customer Center or Authorized Shipping Outlet.
   - *Drop off your Air Shipments including Worldwide Express SM at one of our 50,000 UPS locations.*

   **Customers with a Daily Pickup**
   - Your driver will pickup your shipment(s) as usual.